IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERTO NICANOR, on behalf of himself and all others similarly situated, *Plaintiff*, v. OCUGEN, INC., SHANKAR MUSUNURI and SANJAY SUBRAMANIAN, *Defendants*. | Case No.: 2:21-cv-02725 |
| ERNESTO PAUL FERNANDEZ DIAZ, on behalf of himself and all others similarly situated, *Plaintiff*, v. OCUGEN, INC., SHANKAR MUSUNURI and SANJAY SUBRAMANIAN, *Defendants*. | Case No.: 2:21-cv-03182 |

## ORDER

**AND NOW**, this 31st day of March, 2022, upon consideration of the Motions for Consolidation of Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel filed by Movants Jesus Muniz (ECF No. 7 in 21-cv-2725), Corena Thornton (ECF No. 8 in 21-cv-2725; ECF No. 7 in 21-cv-3182), Daryl Viamonte (ECF No. 9 in 21-cv-2725; ECF No. 6 in 21-cv-3182), and Andre Galan Bernd Benayon (ECF No. 10 in 21-cv-2725; ECF No. 8 in 21-cv-3182), the Notice of Non-Opposition to Competing Motions for Appointment as Lead Plaintiff and Approval of Counsel filed by Daryl Viamonte (ECF No. 12 in 21-cv-2725; ECF No. 9 in 21-cv-3182), and the additional briefing filed by each of the Movants, it is hereby **ORDERED** that

the Motions for Leave to file reply briefs (ECF Nos. 17 & 18 in 21-cv-2725; ECF No. 12 in 21-cv-3182) are **GRANTED**, and it is **FURTHER ORDERED** as follows:

## I.  CONSOLIDATION OF RELATED ACTIONS

1. The above-captioned securities class actions (the "Actions") are hereby **CONSOLIDATED** for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.  Any actions that have been filed, or may be filed, which are related, and which may be considered herewith, are consolidated with the *Nicanor* Action under Case No. 2:21- cv-02725 (the "Consolidated Action").

2. A Master File is hereby established for the consolidated proceedings in the Consolidated Action.  The docket number for the Master File shall be Master File No. 2:21-cv-02725.

3. Every pleading filed in the Consolidated Action shall bear the following caption:

| IN RE OCUGEN, INC. SECURITIES LITIGATION | Master File No. 2:21-cv-02725 |
|---|---|

## II.  APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

4. The above-referenced Movants have all moved for appointment as Lead Plaintiff in the Consolidated Action and to approve the counsel s/he retained to serve as Lead Counsel. Having considered the provisions of Section 21D(a)(3)(B) of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), the Court hereby determines that **Movant Andre Galan Bernd Benayon ("Benayon")** is the most adequate plaintiff and satisfies the requirements of the PSLRA.  The Court hereby appoints Benayon as Lead Plaintiff to represent the interests of the class.[1]

---

[1]  At bottom, the only substantive dispute between the Movants is whether the Supreme Court's reasoning in *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336 (2005) should be applied at this point in determining who possesses the largest financial interest in this litigation.  As the Court finds it would be nonsensical to

5. Pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(v), Benayon has selected and retained the law firms of Johnson Fistel, LLP to serve as Lead Counsel and The Weiser Law Firm, P.C. to serve as Liaison Counsel. The Court approves Benayon's selection of Lead Counsel and Liaison Counsel.

6. Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Lead Counsel shall designate:

   a. to coordinate the briefing and argument of any and all motions;

   b. to coordinate the conduct of any and all discovery proceedings;

   c. to coordinate the examination of any and all witnesses in depositions;

   d. to coordinate the selection of counsel to act as spokesperson at all pretrial conferences;

   e. to call meetings of the plaintiffs' counsel as necessary and appropriate from time to time;

   f. to coordinate all settlement negotiations with counsel for defendants;

   g. to coordinate and direct pretrial discovery proceedings, preparation for trial, and trial of this matter, and to delegate work responsibilities to selected counsel as may be required;

   h. to coordinate the preparation and filings of all pleadings; and

   i. to supervise all other matters concerning the prosecution or resolution of the claims asserted in the Consolidated Action.

7. No motion, discovery request, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of Lead Counsel.

---

disregard the logic of the "loss causation" principles articulated by the Court in that case, it is clear that Benayon has suffered the largest approximate losses in connection with the alleged facts of this case. *See, e.g., Pelletier v. Endo Int'l PLC*, 316 F. Supp. 3d 846, 849 (E.D. Pa. 2018) (Savage, J.) (applying *Dura* in assessing which plaintiff possessed the largest financial interest for purposes of appointing lead plaintiff). Movant Thornton's argument that Benayon is inadequate under Rule 23 is unsupported by any relevant legal authority, and is consequently rejected.

8. Service upon any plaintiff of all pleadings, motions, or other papers in the Consolidated Action, except those specifically addressed to a plaintiff other than Lead Plaintiff, shall be completed upon service of Lead Counsel.

9. Lead Counsel shall be the contact between plaintiffs' counsel and defendants' counsel, as well as the spokespersons for all plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel. Lead Counsel shall be the contact between the Court and plaintiffs and their counsel.

### III. NEWLY FILED OR TRANSFERRED ACTIONS

10. When a case that arises out of the subject matter of this action is hereinafter filed in this Court or transferred from another Court, the Clerk of this Court shall:

   a. file a copy of this Order to the separate docket for such action;

   b. mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and

   c. make the appropriate entry on the docket for the Consolidated Action.

11. Each new case that arises out of the subject matter of the Consolidated Action that is filed in this Court or transferred to this Court shall be consolidated with the action and this Order shall apply thereto, unless a party objecting to this Order or any provision of this Order shall, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, file an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

12. During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer-generated and stored information and materials such as computerized data and

electronic mail, containing information that is relevant to or which may lead to the discovery of information relevant to the subject matter of the pending litigation.

                                        **BY THE COURT:**

                                        /s/ C. Darnell Jones, II
                                        **C. Darnell Jones, II   J.**